UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SYRAINFOTEK, LLC,

      Plaintiff,

v.                              Case No.: 8:20-cv-797-T-33CPT

VENKATA P. SAKIRROLA,

      Defendant.

_____/

**ORDER**

    This cause comes before the Court pursuant to Defendant Venkata P. Sakirrola's Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 14), filed on May 4, 2020. Plaintiff SyraInfotek, LLC filed a response in opposition on May 25, 2020. (Doc. # 18). For the reasons explained below, the Motion is granted in part and denied in part.

**I.   Background**

    According to the amended complaint, Yaser Hameed is the Chief Executive Officer of SyraInfotek, a technology company. (Doc. # 11 at ¶ 8). Sakirrola was the sole owner and Chief Executive Officer of Techzio Solutions, LLC, a company that specialized in the human resources placement of software engineers. (Id. at ¶ 9). In late 2018, SyraInfotek and Sakirrola began discussing the sale of Techzio. (Id. at ¶

1

10). On December 7, 2018,[1] Hameed and Sakirrola exchanged email correspondence detailing the final terms for the sale of Techzio. (Id. at ¶ 11).

According to SyraInfotek, "[p]art and parcel to the sale of [Techzio] stock, Sakirrola was to stay on board as a paid employee to assure [Techzio] revenue stayed the same or increased to assure 'Gross Margin Guarantees' were met throughout 2019." (Id. at ¶ 13). In addition, SyraInfotek alleges that, before the parties signed the agreement detailed below, Sakirrola "advised SyraInfotek that all taxes [were] paid up to date and that there was a steady stream of income that would be able to meet or exceed the 'Gross Margin' clause[.]" (Id. at ¶ 14).

On January 5, 2019, the parties entered into a Stock Purchase Agreement ("Agreement"), whereby SyraInfotek purchased 100% of Sakirrola's interest and rights in Techzio for $390,000.00. (Id. at ¶ 15). As part of the Agreement, both parties agreed to a "Gross Margin Guarantee" clause. (Id. at ¶ 18). Pursuant to this clause, if the gross margin for 2019 was less than $432,640.00, Sakirrola would pay

---

[1] The Court assumes that the date listed in the amended complaint, December 7, 2019, was a scrivener's error. See (Doc. # 11-1 at 2).

SyraInfotek the difference between $432,640.00 and the actual gross margin. (Id.). Conversely, if the gross margin exceeded $432,640.00 for 2019, SyraInfotek would pay Sakirrola the difference between $432,640.00 and the actual gross margin. (Id.). The date for determining compliance with the Gross Margin Guarantee clause was January 31, 2020. (Doc. # 11-1 at 10 (Agreement at 7)).

SyraInfotek alleges that Sakirrola made materially false statements during negotiations regarding Techzio's financial and compliance situations. (Doc. # 11 at ¶ 17). Specifically, SyraInfotek alleges that, in late 2019, it received notice of several outstanding tax obligations for Techzio dating back to 2017, despite Sakirrola's previous guarantee within the Agreement that such taxes had already been paid.[2] (Id. at ¶ 21). Moreover, on May 20, 2019, Hameed notified Sakirrola that Techzio had not been reaching the monthly minimum revenue, and "Sakirrola did nothing to help stem the [loss] of revenue despite his pre-stock agreement assurances of such." (Id. at ¶¶ 19-20). On January 1, 2020, Techzio's gross

---

[2] As part of the Agreement, Sakirrola represented that all tax returns "required to be filed by [Techzio] on or before the Closing Date have been timely filed" and that "[a]ll Taxes due and owing by [Techzio] . . . have been timely paid." (Doc. # 11-1 at 7 (Agreement at 4)).

3

margin profit for calendar year 2019 was $274,397.67, which fell far short of the "Gross Margin Guarantee" of $432,640.00. (Id. at ¶¶ 22-23). SyraInfotek alleges that it paid Sakirrola "[t]hroughout the course of 2019" to help with the expansion of the business, but that Sakirrola "did a halfhearted job, then jet-setted away to India on a long vacation," in violation of the parties' agreement. (Id. at ¶ 25).

On April 15, 2020, SyraInfotek filed its amended complaint, in which it raises four claims – breach of verbal contract (Count I), breach of stock purchase agreement (Count II), unjust enrichment (Count III), and fraudulent misrepresentation (Count IV). (Id. at ¶¶ 26-56).

Sakirrola now moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss all counts of the amended complaint. (Doc. # 14). In its response, SyraInfotek only addressed Counts II and IV. See (Doc. # 18). As such, the Court considers Sakirrola's Motion unopposed as to Counts I and III and will dismiss those counts accordingly. The Motion is now ripe for review.

## II.  **Legal Standard**

On a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the

plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Generally, the Court must limit its consideration to well-pled factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

III. **Analysis**

As a preliminary matter, the parties do not dispute that the Agreement is central to SyraInfotek's claim and is authentic. Sakirrola concedes that the Agreement is an enforceable contract and "does not dispute the validity of the [Agreement] attached to the Amended Complaint." (Doc. # 14 at ¶ 1). Accordingly, the Court will consider the Agreement in ruling upon Sakirrola's Motion. See SFM Holdings, Ltd. v. Banc of Am. Sec., LLC, 600 F.3d 1334, 1337 (11th Cir. 2010).

A. **Count II: Breach of Stock Purchase Agreement**

SyraInfotek alleges that, under the Agreement, Sakirrola is obligated to pay SyraInfotek the "Gross Margin" difference of $208,536.17 because Techzio failed to meet the minimum "Gross Margin Guarantee" of $432,640.00 in 2019. (Doc. # 11 at ¶¶ 37-39). Sakirrola argues that SyraInfotek breached the Agreement first, by terminating Sakirrola's employment on April 22, 2019, and failing to pay Sakirrola for the work he performed between February 15, 2019, and April 22, 2019. (Doc. # 14 at 2). Sakirrola points to his Employment Agreement, which he attached to his Motion,[3] which he claims was

---

[3] The Court need not consider the Employment Agreement at this juncture because, regardless of the terms of the Employment

incorporated into the Stock Purchase Agreement by reference and provides that Sakirrola was to stay "on board as a paid employee . . . throughout 2019." (<u>Id.</u> at 9). Therefore, Sakirrola argues that SyraInfotek's prior breach excused any further performance by Sakirrola. (<u>Id.</u> at 8-9).

"For a breach of contract claim, Florida law requires the plaintiff to plead and establish: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." <u>Vega v. T-Mobile USA, Inc.</u>, 564 F.3d 1256, 1272 (11th Cir. 2009) (citations omitted).

Here, SyraInfotek has asserted a plausible claim for breach of contract. While the parties dispute the reasons and circumstances underlying Sakirrola's leaving the company prior to the end of 2019, the relevant breach-of-contract allegations center around the failure of Techzio to meet the Gross Margin Guarantee and Sakirrola's related failure to pay the difference, pursuant to the terms of the Agreement. SyraInfotek has met its burden of pleading the existence of a valid contract and a material breach by Sakirrola that

---

Agreement, SyraInfotek has plausibly alleged a claim for breach of contract.

caused it damages. It would be premature at this juncture for the Court to determine whether Sakirrola's performance under the Agreement was excused based on a prior material breach by SyraInfotek. The Motion is denied with respect to Count II.

### B.   Count IV: Fraudulent Misrepresentation

SyraInfotek alleges that "[t]hroughout the month of December [2018], Hameed and members of SyraInfotek spoke with Sakirrola, who informed them that [Techzio] was fully up to date on all tax payments and in governmental compliance." (Doc. # 11 at ¶ 50). SyraInfotek alleges that Sakirrola knew that Techzio was overdue on several tax bills but made these alleged misrepresentations in order to induce SyraInfotek to execute the Agreement, and that SyraInfotek relied on these statements to its detriment. (Doc. # 11 at ¶¶ 50-56). Sakirrola argues that SyraInfotek has failed to plead fraudulent misrepresentation for the following reasons: the temporal relationship between the alleged statements and the execution of the Agreement makes it impossible for the statements to have induced SyraInfotek to enter the Agreement, the alleged verbal statements are barred by the merger clause in the Agreement, the parties' obligations regarding "Tax Matters" are located in the Agreement, the alleged misrepresentations are immaterial to the Agreement,

and SyraInfotek's allegations fail to meet the pleading requirements of Federal Rule of Civil Procedure 9(b). (Doc. # 14 at 12-13). Only Sakirrola's Rule 9(b) argument merits consideration.

Under Florida law, fraudulent misrepresentation requires: "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation." Hearn v. Int'l Bus. Machines, 588 F. App'x 954, 956–57 (11th Cir. 2014) (citing Butler v. Yusem, 44 So.3d 102, 105 (Fla. 2010) (quotation marks omitted)).

Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting the fraud," although "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Furthermore, Rule 9(b) requires that "a complaint identify (1) the precise statements, documents or misrepresentations made; (2) the time and place of and persons responsible for the statement; (3) the content and manner in which the statements misled the plaintiff; and (4) what the Defendants gain[] by the alleged fraud." W. Coast

Roofing & Waterproofing, Inc. v. Johns Manville, Inc., 287 F. App'x 81, 86 (11th Cir. 2008) (citing Ambrosia Coal & Const. Co. v. Pages Morales, 482 F.3d 1309, 1316-17 (11th Cir. 2007)).

Plaintiffs need not "specify the exact time and the particular place of each factual omission or misrepresentation, but they must provide a sufficiently narrow time from which defendants could derive notice as to when the misrepresentations were made." World Fuel Servs., Inc. v. Thrifty Propane, Inc., No. 16-20847-civ-Moreno/O'Sullivan, 2016 WL 11547771, at *9 (S.D. Fla. July 15, 2016) (quoting Flamenbaum v. Orient Lines, Inc., No. 03-22549-civ, 2004 WL 1773207, at *6 (S.D. Fla. July 20, 2004)). In other words, to satisfy Rule 9(b), a plaintiff must establish the who, what, when, where, and how of the fraud. Mizarro v. Home Depot, Inc., 544 F.3d 1230, 1237 (11th Cir. 2008).

The allegations in the amended complaint meet the requirements of Rule 9(b). For one, SyraInfotek has alleged who made the statements – Sakirrola. (Doc. # 11 at ¶ 50). SyraInfotek has also alleged that the representations were made "[t]hroughout the month of December [2018]." (Id.). See Potje v. Bluegreen Vacation Corp., No. 17-81055-cv-

Middlebrooks/Brannon, 2018 WL 5020135, at *7 (S.D. Fla. Mar. 6, 2018) (holding that an allegation of fraud containing the month and year of the alleged representation meets the Rule 9(b) standard). Moreover, SyraInfotek has alleged that Sakirrola informed Hameed and other members of SyraInfotek that Techzio was "fully up to date on all tax payments and in governmental compliance." (Doc. # 11 at ¶ 50). SyraInfotek has alleged that Sakirrola intended "to mislead SyraInfotek . . . in order to complete the sale of stock" and that SyraInfotek "relied upon Sakirrola's false statements and were damaged as a result . . . for payments of taxes and other governmental expenses." (Id. at ¶¶ 53-56). SyraInfotek has clearly conveyed the substance of its fraudulent misrepresentation claim and has satisfied the requirements of Rule 9(b). The Motion is denied with respect to Count IV.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Venkata P. Sakirrola's Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 14) is **GRANTED** in part and **DENIED** in part. Counts I and III are dismissed as unopposed. The Motion is denied as to Counts II and IV.

(2)    Defendant Venkata P. Sakirrola is directed to file an answer to the remaining counts of the amended complaint within 14 days of the date of this Order.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>3rd</u> day of June, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE